JOHN RUSS *vs.* JOSEPH BUTTERFIELD & another.

In an action against an officer, for attaching the property of the plaintiff, in a suit against another person, the defendant cannot justify by the production of the writ on which the attachment was made, without showing that the same, if then returnable, has been duly returned.

IN this case, which was an action of trover, tried before *Mellen*, J., in the court of common pleas, for a quantity of muriatic acid, the defence was, that the property was attached by the defendant Butterfield, a deputy-sheriff, as the property

of one Cummings, on a writ against him in such defendant's hands for service; and, in order to prove his justification, the defendant produced and offered in evidence an original writ against Cummings, returnable at a term previous to the commencement of this action, on which was indorsed a return signed by the defendant, stating that he had attached the acid in question thereon, as the property of Cummings, but not stating that he had made any further service or return of the writ.

The presiding judge admitted the writ and return as *primâ facie* evidence of the attachment by the defendant, and ruled further, that, although the acid might have been rightfully attached, yet if the writ was never duly returned, the defendant could not justify the taking, &c., by virtue of it; and that the burden of proof was on him to show that the writ was duly returned.

The jury found a verdict for the plaintiff; whereupon the defendants excepted.

*B. F. Butler*, for the defendants, cited *Ingersoll* v. *Sawyer*, 2 Pick. 276; *Wilder* v. *Holden*, 24 Pick. 8; *Parker* v. *Pattee*, 4 N. H. 530; *Six Carpenters' case*, 8 Co. 146; *Gardner* v. *Campbell*, 15 Johns. 401.

*J. G. Abbott*, for the plaintiff, said that when a sheriff takes property upon any returnable process, he cannot justify in an action against him brought after the return day, for the taking, unless the process is returned; and he cited *Shorland* v. *Govett*, 5 B. & C. 485; 2 Rol. Ab. 562, Trespass (G); 3 Dane, Ab. *c.* 75, Art. 12, § 8; 1 Wms. Saund. 298, note (1); 1 Backus, Sheriff, 258; 1 Dalton, Sheriff, 178, 179; Gwynne, Sheriff, 475; *Rowland* v. *Veale*, 1 Cowp. 18, 20; *Freeman* v. *Blewitt*, 1 Salk. 409; 1 Chit. Pl. 566; Story, Pl. 668.

DEWEY, J.    The arguments of counsel, in the present case, have gone very fully into the consideration of the question, as to the necessity of a return of the process, to justify an officer who defends under such process.    The general rule, as to such cases, is correctly stated in the argument for the plaintiff. But it is to be taken with some limitation, as between the party to the suit and the officer.    The case of *Wilder* v

*Holden,* 24 Pick. 8, 12, illustrates this; as, for example, if an action should be brought by a defendant against the officer, for trespass in attaching his property, the officer might justify the taking, without a return of the process, by showing that the suit was settled by a mutual arrangement of the parties, and that he was requested not to return the writ.

But, in our view, it is unnecessary to consider particularly, or define with precision, the cases where such return of the process might be omitted, and yet the attachment justified, as respects the parties to the suit. The present case is essentially different in its features. The plaintiff in this action was no party to the suit in which the goods were attached. He held the goods under a sale from one Cummings, and a delivery and possession accompanied the sale. In this state of things, a creditor of the vendor sued out a writ of attachment, and procured a service of the same to be made by the defendant, as a deputy-sheriff. The present plaintiff held the goods under a bill of sale which was good against Cummings, but which, in the most favorable aspect for the defence, could only be avoided by a creditor of Cummings, who might attach the same and proceed to obtain a judgment, and make a levy of his execution thereon.

The attachment could only reach these goods, and be effectual as against the plaintiff, by this course of proceeding, and with these various forms. The present plaintiff was no party to that suit: all the proceedings therein were, so far as he was concerned, *in invitum;* and as respects him, it was necessary that the writ should have been returned and entered in court to justify the attachment. The service of the original writ is only one step in the proceedings necessary to defeat the right of the plaintiff to the goods attached, although it might be sufficient, if a suit had been brought against the officer, before the return day, to produce the writ and the return thereon of an attachment; as from the very nature of the case nothing further could have been done.

But in a case like the present, where the term at which the writ was returnable had passed, and there had been virtually an abandonment of the suit, and a certainty that no judgment

could be obtained by the creditor, and no ground upon which the detention of the goods could be justified, there the party who has attached must necessarily fail to sustain the attachment, as he cannot justify as a creditor, and must he held liable to the party from whom they were taken, he holding them under a title good as against his vendor, and all others except creditors taking them to satisfy a judgment, that may be obtained in their favor.

In cases like the present, it is always competent and proper for the officer to require a bond of indemnity ; and that will be his security, if the creditor neglects to enter his action, or fails to recover judgment thereon.    *Exceptions overruled.*