### BERNARD H. LEE & wife *vs.* GEORGE L. GIBBS.

Under the *St.* of 1863, *c.* 180, § 2, modifying the 34th rule of the superior court, it is necessary for a party in that court to allege exceptions orally, if not in writing, to the rulings, charge or instructions of the judge, before the retirement of the jury.

IN this case, which was an action of tort, the plaintiffs' exceptions were disallowed by *Lord,* J., in the superior court, because the same were not taken or saved before verdict, although they were reduced to writing and tendered after verdict, and were found conformable to the truth. To this refusal to allow the exceptions, the plaintiffs excepted.

*F. A. Brooks,* for the plaintiffs.

No counsel appeared for the defendant.

METCALF, J. The thirty-fourth rule of the superior court requires that "all exceptions to any charge to a jury shall, unless previously saved, be alleged in writing before the jury are sent out, and if not so alleged, the same shall not be allowed." And that court was authorized by the Gen. Sts. *c.* 115, § 4, to make the rule. But the plaintiffs contend that this rule is annulled by *St.* 1863, *c.* 180, § 2, which provided that "in the trial of any cause before a jury, neither party shall be required to allege his exceptions in writing to the rulings, charge or instructions of the presiding justice before the jury retire to consider the cause.' The court, however, are of opinion that this statute was not

intended, and has not the effect, to allow a party to delay the alleging of exceptions until after the jury have retired, but that it merely excuses him from alleging them thus early " in writing." As they were not, in this case, alleged either in writing or orally before the jury retired, the court rightly refused to allow them, although they were found conformable to the truth. See *Joannes* v. *Underwood*, 6 Allen, 242. *Exceptions overruled.*